FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDEE R.,<br><br>                    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, [1]<br><br>                    Defendant. | NO:  1:21-CV-03051-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 16, 23.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by Attorney D. James Tree.  Defendant is

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER ~ 1

represented by Special Assistant United States Attorney Jacob Phillips.  The Court

has reviewed the administrative record, the parties' completed briefing, and is fully

informed.

    This is the second time Plaintiff has been before this Court requesting

judicial review of the Administrative Law Judge's (ALJ) decision in her

application for Disability Insurance Benefits (DIB) under Title II of the Social

Security Act.  In her initial request for judicial review, District Judge Rosanna

Peterson remanded the case "for the limited purpose of re-evaluating step five."

*See Ramsey v. Saul*, 1:18-CV-03095-FVS (E.D. Wash. Nov. 12, 2019).  Upon

remand, Plaintiff submitted twenty-two additional exhibits of medical evidence

and now asks this Court to reconsider the ALJ's findings in the treatment of the

medical opinions, in the treatment of Plaintiff's symptom statements, at step three,

and at step two.  This Court finds that the majority of the new exhibits do not

address the relevant time period, June 1, 2014 through December 31, 2014, and the

evidence on remand is not substantially different from the evidence before the ALJ

in 2017.  Therefore, under the law of the case doctrine, this Court will not

readdress issues it has previously adjudicated.  The Court finds the ALJ's decision

free from harmful legal error, **GRANTS** Defendant's Motion for Summary

Judgment, ECF No. 23, and **DENIES** Plaintiff's Motion for Summary Judgment,

ECF No. 16.

*///*

# CASE HISTORY

Plaintiff Lindee R.[2] protectively filed an application for DIB on June 17, 2014, Tr. 134, alleging an onset date of June 1, 2014, Tr. 231, due to lupus, arthritis, back pain, asthma, bilateral foot pain, bilateral hand carpal tunnel, scoliosis, sleeplessness, migraines, and scoliosis, Tr. 257.  Plaintiff's applications were denied initially, Tr. 125-40, and upon reconsideration, Tr. 143-56.  A hearing before ALJ Keith Allred was conducted on November 1, 2016.  Tr. 81-115.  Plaintiff was represented by an attorney and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Sandra Trost and Plaintiff's mother.  *Id*.

The ALJ entered an unfavorable decision on March 1, 2017.  Tr. 19-34.  Initially, the ALJ determined that Plaintiff's date last insured was December 31, 2014.  Tr. 22.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date, June 1, 2014, through the date last insured, December 31, 2014.  Tr. 22.  At step two, the ALJ found that Plaintiff had the following severe impairments during the relevant period: degenerative disc disease; lumbus; osteoarthritis; asthma/chronic obstructive

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

pulmonary disease; and obesity.  Tr. 22.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 23.  The ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> The claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently.  She can sit for six hours in an eight-hour workday and stand and/or walk for two hours in an eight-hour workday with normal rest breaks.  She can occasionally climb ramps and stairs, balance, stoop, bend squat, kneel, and crouch.  The claimant can never crawl or climb ladders, ropes, and scaffolds.  She cannot be exposed to dust, cases, and other pulmonary irritants.  The claimant cannot be exposed to hazards in the workplace such as heights and moving machinery.

Tr. 27.  At step four, the ALJ found that Plaintiff could not perform her past relevant work.  Tr. 33.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy, including call out operator and addressor.  Tr. 33-344.

Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 226.  Additionally, Plaintiff submitted a medical source opinion from Michael Coan, D.O. dated June 8, 2017, to the Appeals Council.  Tr. 8-10.  The Appeals council denied Plaintiff's request for review and found that the new opinion evidence did not show a reasonable probability that it would change the outcome of the decision.  Tr. 1-7.  Likewise, Plaintiff submitted third-party statements from

her care provider and stepfather, and the Appeals Council found that these statements did not relate to the period at issue. *Id.*

Plaintiff filed a complaint requesting judicial review of the ALJ's decision before this Court. Tr. 937. The District Court remanded the ALJ's decision for the "for the limited purpose of re-evaluating step five." Tr. 976. In the Order, this Court found that the ALJ did not err in the treatment of Plaintiff's symptom statements, Tr. 950-56, in the weight assigned to the opinions of Michael Coan, D.O., John Adkison, M.D., Lumor Chet, ARNP, and Shereen Stocker, ARNP, Tr. 956-70, and the weight assigned to statements from Plaintiff's mother, Tr. 970-71. Specially, this Court found that Dr. Coan's 2017 opinion that submitted to the Appeals Council "poses no reasonable probability of changing the outcome of the ALJ's decision." Tr. 964.

Upon remand, Plaintiff submitted additional medical evidence, Tr. 1102-1713, and ALJ Glenn G. Meyers held a hearing on December 3, 2020 and took additional testimony from Plaintiff and vocational expert Mark Harrington, Tr. 921-35. The ALJ entered an unfavorable opinion on January 21, 2021. Tr. 899-912. The ALJ's overall findings at steps one through four mirrored that of the 2017 ALJ Decision. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the relevant period. Tr. 902. The ALJ found that through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease; lupus; osteoarthritis; asthma/chronic obstructive

pulmonary disease; and obesity.  Tr. 902.  At step three, the ALJ found that

Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments.  Tr. 903.  The ALJ

found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R.

§ 404.1567(a) with the following limitations: "occasionally climb ramps and stairs,

balance, stoop, bend, squat, kneel, and crouch.  She can never crawl or climb

ladders, ropes, or scaffolds.  She can never be exposed to dust, gases, or other

pulmonary irritants.  She can never be exposed to hazards in the workplace such as

heights and moving machinery."  Tr. 904.  At step four, the ALJ found that during

the relevant period Plaintiff was unable to perform any past relevant work.  Tr.

910.  At step five, the ALJ found that during the relevant period, considering

Plaintiff's age, education, work experience, and RFC, there were jobs that exist in

significant numbers in the national economy that Plaintiff could have performed,

including, paster cutter, document preparer, and escort driver.  Tr. 911.

The Appeals Council did not assume jurisdiction over the case pursuant to

20 C.F.R. § 416.1484(a).  Therefore, the January 21, 2021 ALJ decision became

the final decision of the Commissioner.  The matter is now before this Court

pursuant to 42 U.S.C. §§ 405(g); 1383(c).

## NEW EVIDENCE

Plaintiff submitted twenty-two new exhibits of medical evidence for the ALJ

to consider following this Court's initial remand on November 12, 2019.  *Compare*

Tr. 37-40 (40 exhibits in the F section) *to* Tr. 916-20 (62 exhibits in the F section).

Of these twenty-two new exhibits, only six address the relevant time period of June

1, 2014 through December 31, 2014.

First, Exhibit 42F contains a Medical Report form from Charles Bulfinch,

D.O. dated July 27, 2020.  Tr. 1103-05.  He stated that he had been treating

Plaintiff since January 27, 2020, and diagnosed her with lupus, antiphospholipid

syndrome, degenerative disc disease, and deep vein thrombosis.  Tr. 1103.  He

opined that at least since June 1, 2014, Plaintiff has been required to lay down

during the day to control joint pain.  Tr. 1103.  He limited Plaintiff to sedentary

work and opined that she would miss an average of four or more days per month

because of flares in joint pain if she attempted a 40-hour workweek.  Tr. 1104.  He

also opined that Plaintiff was limited to frequent use of her upper extremities.  Tr.

1104.

Second, Exhibit 44F contains evidence from Orthopedics Norwest, PLLC

from 2013 to 2016, Tr. 1140-1222.  For the relevant time period, this includes

treatment notes from John W. Adkison, M.D. dated June 5, 2014, Tr. 1191-92, July

3, 2014, Tr. 1188-89, August 14, 2014, Tr. 1185-86, October 1, 2014, Tr. 1183-84,

November 12, 2014, Tr. 1180-81, for her left wrist TFC repair, ulnar shortening

osteotomy, and carpal tunnel release.  However, all of these 2014 treatment notes

were already a part of the record the ALJ reviewed in the 2017 ALJ decision.  Tr.

434-40.  Exhibit 44F also includes two treatment notes dated April of 2014 and

July of 2013 that took place before Dr. Adkison's May 2014 opinion. Tr. 1194-98.

Third, Exhibit 47F includes evidence from Central Washington Family Medicine from December of 2012 through June 14, 2019. Tr. 1289-1358. However, there are no treatment during the relevant period.

Fourth, Exhibit 49F contains evidence from Astria Health Center Family Medicine from August 22, 2014 through September 29, 2020. Tr. 1365-1493. This includes an April 10, 2014 bone density test, Tr. 1484-85, an August 22, 2014 x-ray of the left knee showing no abnormalities, Tr. 1480, 1482, a September 5, 2014 chest x-ray showing no active disease, Tr. 1478, a September 5, 2014 x-ray of the right foot showing no abnormalities, Tr. 1476, an October 14, 2014 treadmill exercise study that showed normal results on her healing foot, Tr. 1470, A June 10, 2014 treatment note to establish care, Tr. 1467-68, a July 24, 2014 treatment note for her asthma, Tr. 1464-67, an August 11, 2014 treatment note for foot pain, a rash, and a wart, Tr. 1461-64, an August 13, 2014 treatment note for an itchy right eye, Tr. 1458-61, an August 19, 2014 treatment note for disability paperwork, Tr. 1455-58, an August 22, 2014 treatment note for left knee pain, Tr. 1450-55, a September 5, 2014 treatment note for asthma and right foot pain, Tr. 1448-50, an October 13, 2014 treatment note for an ingrown toenail, Tr. 1445-48, an October 21, 2014 treatment note for flu vaccine, Tr. 1443-45, and a December 23, 2014 treatment note following up on her asthma, Tr. 1440-43. All of these records are duplicates of evidence in the record at the time of the 2017 ALJ decision as Exhibit

19F.  Tr. 581-623.

Fifth, Exhibit 58F contains evidence from Selah Family Medicine from June 1, 2012 through September 2, 2016.  Tr. 1959-2035.  These records only include phone notes during the relevant period, including a request for a ride on June 4, 2014, Tr. 1961, and a request to fill out a disability form for the Washington Department of Social and Health Services on May 13, 2014, which was denied by the provider, Tr. 1962.

Sixth, Exhibit 62F contains the Medical Report form from Dr. Coan dated June 8, 2017 that had previously been submitted to the Appeals Council.  Tr. 2103-04.  Dr. Coan states that he had been treating Plaintiff from November 2012 through the present and stated that Plaintiff's diagnosis was lupus and anemia.  Tr. 2103.  He stated that Plaintiff would have to lie down during the day, but when asked for how long and for what reason, he stated "unknown."  Tr. 2103.  He stated that Plaintiff's medications have side effects or limit her activity, and when asked to explain, he stated "steroids."  Tr. 2103.  When asked if working on a regular and continuous basis would cause Plaintiff's condition to deteriorate, he stated "unknown if she could tolerate work."  Tr. 2104.  He stated that if Plaintiff were currently attempting to work a 40 hour per week schedule it is more probable than not that she would miss some work due to medical impartments, but he did not provide an average number of days missed per month.  Tr. 2104.  He stated that Plaintiff had the above opined limitations since November of 2012.  Tr. 2104.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits

[his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II. ECF No. 12. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ failed to properly assess the medical opinions;

2.  Whether the ALJ failed to properly assess Plaintiff's symptom statements;

3.  Whether the ALJ failed to properly assess Listing 14.02; and

4.  Whether the ALJ failed to properly assess step two.

## LAW OF THE CASE DOCTRINE

The law of the case doctrine "generally preludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (citing *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). Thus, under the law of the case doctrine, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations omitted) ). The Ninth Circuit has held that this doctrine applies to Social Security administrative remands from a federal district court in the same way they would apply in any other case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Further, the law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

## DISCUSSION

This Court previously remanded this case "for the limited purpose of re-

evaluating step five." Tr. 976. Plaintiff subsequently submitted additional evidence to the record on remand and now challenges the ALJ's 2021 determination on issues outside of the limited remand of step five. Accordingly, this court must determine whether the determinations made in the 2017 ALJ decision (or any determinations implicit in them) bar Plaintiff from pursuing any particular challenge to the subsequent 2021 ALJ decision. *See Stacy*, 825 F.3d at 567; *Hall*, 697 F.3d at 1067.

### 1.    Medical Opinions

Plaintiff challenges the weight the ALJ assigned to the opinions of Dr. Coan, Dr. Adkinson, Nurse Chet, Nurse Stocker, and Dr. Bulfinch. ECF No. 16 at 6-19.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

The Court declines to readdress the September 2014, October 2014, November 2014, May 2015, and August 2016 opinions from Dr. Coan, the May 2014 opinion from Dr. Addison, the July 2012 opinion from Nurse Stocker, and the August of 2011 opinion from Nurse Chet. All of these opinions were addressed in the 2017 ALJ decision. Tr. 29-31. This Court considered whether the ALJ erred in the weight assigned to these opinions in its November 12, 2019 Order, and found that he did not. Tr. 958-70. The ALJ then addressed these opinions in the 2021 decision with an identical analysis as in the 2017 decision. Tr. 906-08. Therefore, the law of the case doctrine precludes this Court from readdressing whether the ALJ erred in the weight assigned to these opinions. *See Hall*, 697 at 1067.

Plaintiff argues that since she has submitted new evidence, the law of the case doctrine should not apply in this case as the evidence on remand is substantially different than it was at the time of the 2017 ALJ decision. ECF No. 16 at 8. The Ninth Circuit has found that law of the case doctrine "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *See Stacy*, F.3d at 567. While Plaintiff has submitted a staggering twenty-two new

medical exhibits, the majority of the new evidence fails to address the relevant

period, and has not rendered the evidence on remand "substantially different."

### A. Michael Coan, D.O.

In arguing that the ALJ erred in the weight assigned to Dr. Coan's

September 2014, October 2014, November 2014, May 2015, and April 2016

opinions, Plaintiff failed to demonstrate how the newly submitted evidence

rendered the record on remand to be substantially different.  She argues that

"because the record has been developed with new evidence – including additional

treating source opinions and treatment records from the relevant period – it is

urged that the law of the case doctrine should be found to not apply," but then fails

to cite any of the new evidence in arguing that the ALJ erred in the weight

assigned to the opinions.  ECF No. 16 at 16-19.  Therefore, the Court finds that the

law of the case doctrine applies and will not reconsider the weight assigned to the

opinions.

### B. John Adkison, M.D.

Plaintiff cites to the new evidence while discussing Dr. Adkison's opinion

and argues that the ALJ's reasons for rejecting the opinion can no longer be

supported in light of this new evidence.  ECF No. 16 at 11.  In both the 2017

decision and the 2021 decision, ALJ provided two reasons for rejecting the

opinion: (1) that it was not supported by objective evidence; and (2) that the

opinion addressed an issue reserved to the Commissioner.  Tr. 31, 907-08.

Plaintiff points out that the new evidence contains two treatment reports from Dr. Adkison prior to his May 2014 opinion. ECF No. 16 at 11. However, he ALJ found that the opinion was premised on Plaintiff's functional ability pre-surgical intervention. Tr. 31, 907. Surgery took place on May 20, 2014. Tr. 434. All the evidence after the opinion, surgery, and alleged onset dated were already in the record for the ALJ to review at the time of the 2017 decision. Tr. 1185-92 (June 5, 2014, July 3, 2014, and August 14, 2014 notes show that Plaintiff's status was improving and her range of motion was "acceptable at this point post operatively."). The ALJ's determination that the opinion was "based on pending surgery" was reviewed by this Court and found to be without error. Tr. 964-68. Therefore, the two treatment reports that predate the opinion and predate the surgery are not sufficient to meet the "substantially different" standard required to disregard the law of the case doctrine. Therefore, the law of the case doctrine applies, and this Court will not address the weight assigned to the opinion anew.

### C. Lumor Chet, ARNP, and Shereen Stocker, ARNP

Additionally, Plaintiff fails to state how the new evidence rendered the record substantially different in her arguments that the ALJ erred in the weight assigned to the opinions of Nurse Stocker and Nurse Chet. ECF No. 16 at 12-13. Therefore, the Court finds that the law of the case doctrine applies and will not readdress the weight assigned to the opinions.

///

1              *D. 2017 Michael Coan, D.O.*

2          Dr. Coan's June 2017 opinion was not available to the ALJ at the time of the

3    2017 decision, but it was submitted to the Appeals Council, who found that "this

4    evidence does not show a reasonable probability that it would change the outcome

5    of the decision," and did not consider the opinion.  Tr. 2.  This Court has

6    previously found that this "new evidence poses no reasonable probability of

7    changing the outcome of the ALJ's decision," and declined to remand the ALJ's

8    2017 decision on the basis that the Appeals Council erred in not properly

9    considering the opinion.  Tr. 964.  In the 2021 opinion, the ALJ addressed the June

10   2017 opinion, and gave it little weight because the opinion is vague, Dr. Coan

11   stated that he did not know whether Plaintiff was capable of tolerating work, the

12   opinion was brief without a rationale for the limitations opined, and it was signed

13   after the date last insured.  Tr. 907.

14         The ALJ provided sufficient reasons for rejecting the opinion.  An ALJ may

15   discount an opinion that is conclusory, brief, and unsupported by the record as a

16   whole, or by objective medical findings.  *Batson v. Comm'r of Soc. Sec. Admin.*,

17   359 F.3d 1190, 1195 (9th Cir. 2004).  Here, the opinion was brief, conclusory,

18   failed to provide specifics regarding the frequency Plaintiff would likely miss work

19   due to her impairments, stated it was unknown if Plaintiff could sustain work, and

20   failed to cite to any evidence in support of the opinion.  Tr. 2103-04.  While the

21   ALJ opined that these limitations had existed since November of 2012, the fact that

it was signed on June 8, 2017, well after the relevant period, and Plaintiff's functional ability for the past five years, let alone the relevant time period from June 1, 2014 through December 31, 2014, was still "unknown" is sufficient to reject the opinion.  Therefore, the Court will not disturb the ALJ's treatment of the opinion.

### E.  Charles Bulfinch, D.O.

The only opinion that was not previously addressed by the ALJ or the Appeals Council is that of Dr. Bulfinch.  The ALJ assigned the opinion little weight for two reasons: (1) he had not started seeing Plaintiff until January of 2020; and (2) his examination was normal, which was inconsistent with the opinion.  Tr. 908.  These are specific and legitimate reasons to reject the opinion.  While Dr. Bulfinch opined that Plaintiff's limitations had existed during the relevant time period, he did not begin seeing Plaintiff until years later in January of 2020, Tr. 1103, 1105.  Furthermore, there is no evidence that Dr. Bulfinch reviewed records from the relevant time period.  Tr. 1103-05.  The treatment relationship, including the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship, and a source's familiarity with other evidence in the record are factors an ALJ can consider when weighing a source's opinion.  20 C.F.R. § 404.1527(c).  Therefore, this Court will not disturb the ALJ's treatment of the opinion.

///

### 2.    Plaintiff's Symptom Statement

Plaintiff challenges the weight the ALJ provided to her symptom statements. ECF No. 16 at 19-24.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id*.

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In the 2017 ALJ decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged

symptoms; however, her "statements concerning the intensity, persistence and limit effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 28. The ALJ then supported this determination by finding that the Plaintiff's activities did not support her reported symptoms, the objective medical record did not support her reported symptoms, and Plaintiff's poor work history undermined her reported symptoms. Tr. 28, 32-33. This Court previously found all three reasons provided by the ALJ were reasonable and that the ALJ met the specific, clear and convincing standard required under *Ghanim*. Tr. 951-56. In the 2021 ALJ decision, the ALJ made the identical findings regarding Plaintiff's symptom statements. Tr. 909-10.

As discussed above, the law of the case doctrine precludes this Court form reconsidering an issue it has previously decided. *See Hall*, 697 F.3d at 1067. Plaintiff argues that since she has submitted new evidence, the law of the case doctrine should not apply to the ALJ's treatment of her symptom statements. ECF No. 16 at 19-20. Plaintiff argues that statements from her caregiver, who started working with her in May of 2020, and her stepfather, who wrote a letter in October of 2020, are sufficient to render the evidence on remand substantially different. ECF No. 16 at 19 *citing* Tr. 1096, 1098. However, statements regarding Plaintiff's functioning years after the date last insured do not constitute a substantially different record.

Additionally, Plaintiff argues that this Court failed to properly apply Ninth Circuit caselaw at the time it affirmed the ALJ's determinations regarding Plaintiff's symptom statements. ECF No. 16 at 19. However, this Court found that the ALJ had provided specific, clear and convincing reasons for finding Plaintiff's symptom statements unreliable. Tr. 956 ("The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom statements."). There has been no intervening change in caselaw that would render the specific, clear and convincing standard unapplicable in this case. Therefore, Plaintiff's argument that fails, and the law of the case doctrine applies.

### 3.    Listing 14.02

Plaintiff argues that the ALJ failed to properly assess Listing 14.02. ECF No. 16 at 4-6.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then she is presumed disabled at step three, and the ALJ need not to consider her age, education, and work experience. 20 C.F.R. § 404.1520(d). The ALJ is required to evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listing impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, the ALJ found that Plaintiff did not meet or equal Listing 14.02 in the 2017 ALJ decision:

> In regards to the claimant's lupus, the evidence does not demonstrate, under listing 14.02, the requisite degree of joint, muscle, ocular, respiratory, cardiovascular, digestive, renal hematologic, skin, neurological, mental involvement or the involvement of two or more organs/body systems with significant, documented, constitutional symptoms and signs of severe fatigue fever, malaise and weight loss. As of the date last insured, the claimant has recently been diagnosed with lupus, but still had relatively normal symptoms. As noted in detail above, a September 2014 physical examination showed good strength, nearly unimpaired range of motion, and no body systems involved.

Tr. 26-27.  Plaintiff did not challenge the ALJ's step three determination before this Court.  Tr. 942-77.  The case was remanded for the "limited purpose of re-evaluating step five," (i.e. there was no error established at step three).  Tr. 976-77. The 2021 ALJ decision readdressed step three, and the ALJ made the following finding: "I considered listing 14.02 for systemic lupus erythematosus.  However, the record does not demonstrate involvement of two or more organs or body systems.  Moreover, the record does not show repeated manifestations of severe fatigue, fever, malaise or involuntary weight loss."  Tr. 904.

The law of the case doctrine precludes this Court from readdressing the ALJ's step three findings.  This Court remanded the case for the "limited purpose of re-addressing step five."  Tr. 976-77.  Therefore, the ALJ's 2017 step three determination was implicitly affirmed by this Court.  On remand, the ALJ made essentially the same decision (i.e. that Plaintiff did not meet or equal Listing 14.02).  The law of the case doctrine precludes Plaintiff from raising a step three challenge now.

Furthermore, most the citations Plaintiff provides in her step three challenge

were a part of the record at the time of the 2017 ALJ decision.  ECF No. 16 at 4-5.

There were only two records cited by Plaintiff that are in the new exhibits: Tr.

1968 (a January 10, 2014 treatment note for a viral syndrome in which Plaintiff

complained of a sore throat for several days along with "some wheezing, fatigue,

mild head congestion & coryza."); and Tr. 1998 (a November 13, 2012 treatment

note in which Plaintiff complained of a sore throat, dysphagia, fatigue, and low

grade fever).  ECF No. 16 at 5.  Both of these treatment records predate the

relevant time period and her fatigue and fever appear to have resolved by the

subsequent visit in each case.  *See* Tr. 1964 (no complaints of fatigue on April 30,

2014); Tr. 1993-94 (no complaints of fatigue or a fever on February 4, 2013).

Therefore, the evidence on remand was not "substantially different" and the law of

the case doctrine applies.

### 4. Step Two

Plaintiff also challenges the ALJ's step two determination by arguing that he

failed to properly assess the left arm disorder.  ECF No. 16 at 6-7.

In the 2017 ALJ decision, the ALJ found that Plaintiff had the following

severe impairments at step two: degenerative disc disease; lupus; osteoarthritis;

asthma/chronic obstructive pulmonary disease; and obesity.  Tr. 22.  Plaintiff did

not challenge the ALJ's step two determination before this Court.  Tr. 942-77.  The

case was remanded for the "limited purpose of re-evaluating step five," (i.e. there

was no error established at step two).  Tr. 976-77.  In the 2021 ALJ decision, the

1    ALJ found that Plaintiff had the same severe impairments at step two.  Tr. 902.

2        The law of the case doctrine precludes this Court from readdressing the

3    ALJ's step two findings.  This Court remanded the case for the "limited purpose of

4    re-addressing step five."  Tr. 976-77.  Therefore, the ALJ's 2017 step two

5    determination was implicitly affirmed by this Court.  On remand, the ALJ made

6    essentially the same decision at step two.  The law of the case doctrine precludes

7    Plaintiff from raising a step two challenge now.

8        Plaintiff argues that the ALJ failed to consider the new evidence submitted

9    on remand that demonstrates a severe left arm disorder.  ECF No. 16 at 6-7.

10   However, Plaintiff experienced surgical intervention of the left carpool tunnel

11   syndrome in May of 2014, the month prior to her alleged onset date.  Tr. 434.  In

12   both the 2017 and the 2021 decisions, the ALJ analyzed the medical evidence

13   before, during, and after the relevant period and determined that the left carpool

14   tunnel syndrome was not severe.  Tr. 24-25, 902.

15       Furthermore, the ALJ's step two determination was found in Plaintiff's favor

16   and he specifically stated that Plaintiff's left carpool tunnel syndrome was

17   considered in reaching the RFC determination.  Tr. 25, 903.  Therefore, if any error

18   did result from the ALJ's failure to find the left carpool tunnel syndrome severe at

19   step two, it would be harmless.  *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.

20   2005) (any error by ALJ at step two was harmless because the step was resolved in

21   the claimant's favor).

### CONCLUSION

The Court finds that despite the twenty-two medical exhibits submitted on remand, the evidence before the ALJ on remand was not "substantially different" from the evidence before the ALJ in 2017.  Therefore, the law of the case doctrine bars Plaintiff from pursuing any particular challenge to the subsequent 2021 ALJ decision that had already been addressed by this Court.  As for Plaintiff's challenges to the issues not already addressed by this Court, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 23, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the **Defendant**, and **CLOSE** the file.

**DATED** June 8, 2022.

Stanley A. Bastian
Chief United States District Judge

ORDER ~ 27